## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DELISE PIERRE**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO.  15-5252**

**N. BURL CAIN**                                                 **SECTION "E"(4)**


### ORDER AND REASONS

Before the Court is a **Motion to Amend or Supplement § 2254 Petition and Hold Petition in Abeyance to Exhaust State Court Remedies (Rec. Doc. No. 15)** filed by the petitioner Delis Pierre, in which he seeks leave to amend his 28 U.S.C. § 2254 petition for writ of habeas corpus to include additional claims and then to stay the case to allow him time to exhaust remedies in the state courts on those claims.[1]  Pierre filed this federal habeas petition challenging his 2011 conviction for armed robbery, purse snatching, and kidnapping in Tangipahoa Parish for which he is serving 99-years in prison.  He asserted four grounds for relief:[2] (1) the Trial Court erred in denying the motion for mistrial based on the introduction of other crimes evidence; (2) he received ineffective assistance of counsel for failure to object to other crimes evidence mentioned in his taped statement to police; (3) ineffective assistance of counsel for failure to object to the district attorney's conflict, prosecutorial misconduct through the mention of religious accountability, vouching for witnesses' credibility, discrediting the defendant, use of other crimes evidence, and failing to request a continuance to investigate mitigating evidence for sentencing purposes; and (4) prosecutorial

---

[1]The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Local Rules of this Court.  A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief.  *Virgin Islands Water and Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131 (3rd Cir. 2014); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

[2]Rec. Doc. No. 3.

misconduct occurred when the prosecutor vouched for witnesses' credibility, bolstered witnesses' credibility and destroyed Pierre's credibility.

In response to the petition, the State recognized that Pierre completed state court review of his original claims; however Pierre's federal petition was not timely filed under federal law and should be dismissed for that reason.[3]

## I.    **Supplemental Claims**

Although Pierre has not submitted a proposed supplemental petition, he has provided the Court with a summary of the proposed additional claims: (1) newly discovered evidence; (2) violation of due process including abuse of the state trial's court's discretion; (3) prosecutorial misconduct; (4) suppression of exculpatory evidence; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; (7) perjury by the state trial judge; (8) illegal detainment; and (9) introduction into evidence of an illegally obtained video/audio statement through misconduct by the detectives.  He also indicates that he has not exhausted state court review of these issues because of the alleged inadequacy of his appointed counsel on appeal and the inadequate assistance he received in preparing his post-conviction application.  He therefore also seeks time to do so while holding this case, with the supplemental claims, in abeyance until that review is completed.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules."  *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.")  In addition, 28 U.S.C. § 2242 specifically provides that habeas applications

---

[3]Rec. Doc. No. 10.

"may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957). Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5the Cir. 1998). However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In considering the propriety of the supplement, the Court is mindful that the sole defense asserted by the State is that Pierre's petition was not filed within the required limitations period.

Specifically, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[4]   *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).   In this case, applying the statutory tolling provisions of the AEDPA and the requisite prison mailbox rules, it appears to the Court on initial review that Pierre filed his petition on the last day of the one-year AEDPA filing period.   The State's calculations appear erroneous in that they included the filings dates of various state court documents as part of the expired time.   The Court later may give further consideration of the limitations defense with regard to the original petition and as it may apply to the supplemental claims, something which can not be accurately discerned on the current record especially in light of the supplemental claim of newly discovered evidence.   Nevertheless, for purposes of this motion, the Court will proceed on its initial calculation that this federal petition was timely filed on the last day of the AEDPA one-year filing period.

In doing so, the Court does not find that undue prejudice will enure to the State if Pierre is allowed to supplement his petition to include the additional claims outlined above.   The record at this time does not reflect that the supplement is futile or disclose any clear ground that would prevent inclusion of the claims in this petition, except for exhaustion which is discussed below.   The Court will therefore allow Pierre to supplemental his petition to include the claims outlined above.

## II.   <u>Stay of the Federal Habeas Proceeding</u>

As a second matter, Pierre requests that he be given time to exhaust state court remedies as to his newly added claims.   The inclusion of these new, unexhausted claims creates a "mixed petition," containing both exhausted and unexhausted claims.   A petitioner must have exhausted

---

[4]The statute of limitations provides for other triggers which do not appear to apply here based on the current record at this time.

state court remedies before seeking review in the federal courts. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

However, in *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. The *Pliler* court ultimately reiterated the long-standing directive that a mixed petition be dismissed without prejudice to require exhaustion. *Id*. at 233. The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277 (emphasis added). Arguably, the type of "protective petition" now presented by Pierre is allowed under Supreme Court precedent only when the petitioner has been pursuing exhaustion diligently in a procedurally proper manner as required by law. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

In seeking a stay of his mixed petition, Pierre readily admits that he has not exhausted state court remedies in a procedurally proper manner on the newly urged claims. Pierre has indicated his intent to pursue review of the new claims in state court, something he claims was not previously

done because of his prior counsel's error and other inadequate assistance.  Pierre to this point has pursued timely and procedurally proper review of his other issues.  The record also demonstrates that he will expire the federal time limits if his mixed petition is dismissed.  While this is not always a conclusive factor, in this case, the Court finds that the record is sufficient and good cause exists to warrant a stay to allow Pierre to expeditiously pursue state court review of his newly added claims.  However, his failure to expeditiously pursue that relief may ultimately impact this Court's decision to review the substance of the newly added claims.[5]  Accordingly,

**IT IS ORDERED** that Pierre's **Motion to Amend or Supplement § 2254 Petition and Hold Petition in Abeyance to Exhaust State Court Remedies (Rec. Doc. No. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Pierre's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **STAYED** and the Clerk of Court is directed to **CLOSE** the case for administrative and statistical purposes.

**IT IS FURTHER ORDERED** that either Pierre or the respondent through the Louisiana Attorney General or Tangipahoa Parish District Attorney's Office may move to re-open this matter within sixty (60) days of the issuance of an order by the Louisiana Supreme Court addressing Pierre's writ application related to his state application for post-conviction review containing any one or all of the supplemental claims addressed in this Order.

New Orleans, Louisiana, this 8th day of April, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]Pierre is cautioned that he is allowed one opportunity to complete exhaustion of his supplemental claims in a single state post-conviction application filed within reasonable and close proximity to this Order.  If the case is reopened, any unnecessary delay in pursuing state court review will be addressed by the Court.

6