UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DELIS PIERRE, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 15-5252 |
| N. BURL CAIN, ET AL., | SECTION "E"(4) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Chief Magistrate Judge Roby recommending Petitioner Delis Pierre's petition for federal habeas corpus relief be dismissed with prejudice as time-barred.[1] Petitioner objected to the magistrate judge's Report and Recommendation, albeit untimely.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[3] On January 13, 2011, Petitioner was charged by Bill of Information in Tangipahoa Parish with two counts of armed robbery, one count of second degree kidnapping, and one count of purse snatching.[4] Petitioner was tried before a jury on July 19 and 20, 2011, and found guilty as charged on all counts.[5] On September 7, 2011, the state trial court denied Petitioner's motions for a new trial and for post-verdict judgment

---

[1] R. Doc. 40.
[2] R. Doc. 45.
[3] R. Doc. Nos. 3, 39.
[4] St. Rec. Vol. 1 of 7, Bill of Information, 1/13/11.
[5] St. Rec. Vol. 1 of 7, Jury Verdict (Count 2), 7/20/11; Jury Verdict (Count 3), 7/20/11; Jury Verdict (Count 4), 7/20/11; Trial Transcript, 7/19/11; Trial Transcript, 7/20/11; St. Rec. Vol. 2 of 7, Trial Transcript (continued), 7/20/11; Trial Minutes, 7/19/11; Trial Minutes, 7/20/11.

1

of acquittal.[6] On October 17, 2011, the trial court sentenced Petitioner.[7] The trial court also denied Pierre's motion to reconsider the sentences.[8] Thereafter, Petitioner directly appealed his conviction and sentences.[9] On September 12, 2012, the Louisiana First Circuit affirmed Petitioner's convictions and sentences.[10] The Louisiana Supreme Court denied Petitioner's writ application on April 1, 2013.[11] Petitioner did not file for review with the United States Supreme Court.[12]

On June 26, 2014, Petitioner submitted to the state trial court an application for post-conviction relief.[13] On July 1, 2014, the state trial court denied the application.[14] On November 3, 2014, the Louisiana First Circuit denied Petitioner's writ application.[15] On October 9, 2015, the Louisiana Supreme Court denied Petitioner's subsequent writ application.[16]

On May 23, 2016, Petitioner submitted to the state trial court a second application for post-conviction relief.[17] The state trial court denied the application on August 30, 2016.[18] On January 10, 2017, the Louisiana First Circuit denied Pierre's writ application.[19]

---

[6] St. Rec. Vol. 1 of 7, Motion for New Trial, 9/6/11; Motion for Judgment of Acquittal, 9/6/11; St. Rec. Vol. 2 of 7, Hearing Minutes, 9/7/11.
[7] St. Rec. Vol. 1 of 7, Sentencing Transcript, 10/17/11; St. Rec. Vol. 2 of 7, Sentencing Minutes, 10/17/11.
[8] St. Rec. Vol. 1 of 7, Motion to Reconsider Sentence, 11/7/11; Trial Court Order, 11/10/11.
[9] St. Rec. Vol. 6 of 7, Appeal Brief, 2012-KA-0125, 4/30/12.
[10] St. Rec. Vol. 6 of 7, 1st Cir. Opinion, 2012-KA-0125, 9/21/12.
[11] *State v. Pierre*, 110 So.3d 139 (La. 2013); St. Rec. Vol. 4 of 7, La. S. Ct. Order, 2012-KO-2227, 4/1/13; St. Rec. Vol. 6 of 7, La. S. Ct. Letter, 2012-KO-2227, 10/5/12.
[12] R. Doc. 40 at 5.
[13] St. Rec. Vol. 6 of 7, Application for Post-Conviction Relief, 7/1/14 (dated 6/26/14). The Court will address the dating of this document later in this Report.
[14] St. Rec. Vol. 6 of 7, Trial Court Order, 7/1/14; Clerk's Letter, 7/2/14.
[15] *State v. Pierre*, No. 2014-KW-1196, 2014 WL 12570014, at *1 (La. App. 1st Cir. Nov. 3, 2014); St. Rec. Vol. 6 of 7, 1st Cir. Order, 2014-KW-1196, 11/3/14. On June 13, 2019, the Court's staff contacted the clerk of the Louisiana First Circuit and was advised that this writ application was timely filed by Pierre on August 14, 2014. See St. Rec. Vol. 6 of 7, Notice of Intent, 8/1/14; Trial Court Order, 8/4/14.
[16] *State ex rel. Pierre v. State*, 178 So.3d 998 (La. 2015); St. Rec. Vol. 4 of 7, La. S. Ct. Order, 2014-KH2465, 10/9/15; St. Rec. Vol. 6 of 7, La. S. Ct. Letter, 2014-KH-2465, 11/22/14.
[17] St. Rec. Vol. 5 of 7, Application for Post-Conviction Relief, 6/2/16 (dated 5/23/16).
[18] St. Rec. Vol. 6 of 7, Trial Court Order, 8/30/16; St. Rec. Vol. 3 of 7, Clerk's Letter, 8/31/16.
[19] *State v. Pierre*, No. 2016-KW-1330, 2017 WL 105962, at *1 (La. App. 1st Cir. Jan. 10, 2017); St. Rec. Vol. 3 of 7, 1st Cir. Order, 2016-KW-1330, 1/10/17.

On May 25, 2018, the Louisiana Supreme Court denied Petitioner's subsequent writ application.[20]

On October 16, 2015, Petitioner filed the instant federal petition for habeas corpus relief.[21] The State filed an opposition asserting the defenses of untimeliness and failure to exhaust.[22] After filing a reply,[23] Petitioner moved on February 17, 2016 for leave to amend his petition to include additional claims that he argued were not exhausted because of prior acts of ineffective assistance of counsel and for a stay to allow him to complete exhaustion.[24] The Court stayed the proceedings on April 11, 2016 to permit Petitioner an opportunity to exhaust his unexhausted claims.[25]

On November 13, 2018, the Court lifted the stay imposed on April 11, 2016.[26] On that same date, the Court granted Petitioner's motion to amend and supplement his petition.[27] In his petition, Petitioner asserts the following grounds for relief: (1) he was denied a fair trial when the state trial court denied the motion for mistrial based on the introduction of other crimes evidence; (2) he received ineffective assistance when counsel failed to take action to prevent the playing of his statement that mentioned uncharged offenses; (3) he was denied effective assistance when counsel (a) failed to request that the District Attorney's Office be recused, (b) failed to object to prosecutorial misconduct, and (c) failed to request a continuance to investigate mitigating factors for sentencing; (4)(a) prosecutorial misconduct occurred when the prosecutor raised religious accountability

---

[20] *State ex rel. Pierre v. State*, 243 So.3d 562 (La. 2018); St. Rec. Vol. 3 of 7, La. S. Ct. Writ Application, 17-KH-385, 3/2/17 (dated 2/1/17); St. Rec. Vol. 5 of 7, La. S. Ct. Letter, 2017-KH-385, 3/7/17.
[21] R. Doc. 3. The Clerk of Court filed the petition in November 2015, but the original filing is dated October 16, 2015. *See* R. Doc. 3-1.
[22] R. Doc. 10.
[23] R. Doc. 14.
[24] R. Doc. 15.
[25] R. Doc. 16.
[26] R. Doc. 25.
[27] *Id.*

and destroyed Pierre's credibility; (4)(b) the state trial court denied him due process when he was brought to trial without being arraigned on the purse snatching charge; (5) the state trial court erred when it denied the motion to sever and for new trial; (6) the state trial court erred when it denied the motion to recuse the district attorney and committed perjury; (7) the state trial court erred when it allowed him to appear for trial in prison garb; (8) the state trial court erred when it allowed a biased juror to serve; (9) the state trial court erred when it failed *sua sponte* to examine the voluntariness of his inculpatory statement when trial counsel failed to object or move to suppress the statement; (10) the state trial court erred by admitting other crimes evidence; (11) the state trial court failed to establish his competence and sanity; (12) the state trial court failed to admonish the jury and otherwise address prosecutorial misconduct; (13) the state trial court imposed an excessive sentence; (14) the State suppressed favorable evidence; (15) prosecutorial misconduct occurred when the State (a) knowingly introduced uncorrected false evidence, (b) elicited false testimony from witnesses, and (c) slandered petitioner's character and introduced other crimes evidence; (16)(a) the State failed to properly notice its intent to use other crimes evidence; (16)(b) counsel failed to withdraw when there was a clear conflict of interest; (17)(a) he was denied a fair trial when the state trial judge failed to recuse himself; (17)(b) counsel failed to conduct a reasonable investigation in preparation for trial; (18) he received ineffective assistance when counsel failed to investigate petitioner's mental health, competence, and the viability of an insanity defense; (19) he received ineffective assistance when counsel (a) failed to file for review of the denial of motions, (b) failed to present petitioner for trial in civilian clothes, (c) failed to object to the prosecutor's attack on petitioner's character, (d) manipulated petitioner into signing a stipulation, (e) waived petitioner's presence at sidebars during voir dire and

accepted a bias juror, (f) failed to object to the lack of notice for other crimes evidence, (g) failed to move to suppress the video interview, (h) deceived petitioner about the evidence to convince him to accept a plea offer, (i) failed to review the motion for new trial and preserve issues for appeal, and (j) infringed on their confidentiality; and (20) he received ineffective assistance of appellate counsel for failing to include specific claims requested by petitioner.[28]

The State filed an opposition to Petitioner's federal application on January 2, 2019, arguing Petitioner's petition was not timely filed under the AEDPA and that a number of his claims are in procedural default.[29,30] Petitioner filed a reply.[31] Chief Magistrate Judge Roby concluded in her Report and Recommendation Petitioner's claims should be dismissed with prejudice as time-barred.[32] Petitioner filed an objection on July 25, 2019, requesting the Court "adopt his previously filed Response to States [sic] argument of timeliness while considering the following [arguments in his objection]."[33]

## ANALYSIS

### I. Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[34] As to the portions of the report that are not objected to, the Court

---

[28] R. Doc. 26.
[29] R. Doc. 32.
[30] As Chief Magistrate Judge Roby states in the Report and Recommendation, "[w]hile the record supports both defenses [of untimeliness and procedural default], for the following reasons, the Court finds that Pierre's federal habeas petition was not timely filed and must be dismissed with prejudice for that reason." R. Doc. 40 at 12.
[31] R. Doc. 39.
[32] R. Doc. 40.
[33] R. Doc. 45 at 5.
[34] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").

needs only review those portions to determine whether they are clearly erroneous or contrary to law.[35]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[36] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[37] AEDPA requires that a federal court "accord the state trial court substantial deference."[38]

## II. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[39] The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[35] *Id.*
[36] 28 U.S.C. § 2254(d)(1).
[37] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).
[38] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[39] 28 U.S.C. § 2244(d)(1).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[40]

The one-year period of limitation is subject to certain exceptions. For instance, the AEDPA expressly allows the one-year limitations period to be interrupted in the following way: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[41] Additionally, the one-year period of limitation may be equitably tolled in extraordinary circumstances.[42] Because Petitioner does not argue that any other exceptions to the one-year limitations period apply, and because the Court agrees with the magistrate judge that no other exceptions are applicable,[43] the Court addresses only whether Petitioner is entitled to statutory tolling or equitable tolling of the AEDPA one-year limitations period.

Chief Magistrate Judge Roby recommended this Court dismiss Petitioner's petition as untimely because Petitioner failed to file his federal habeas petition within the one-year statute of limitations period.[44] This Court agrees with the magistrate judge's recommendation.

### A. One-Year Limitation Period

Generally, a petitioner must file his federal habeas petition within one year of the

---

[40] *Id.* § 2244(d)(1)(A)-(D) (emphasis added).
[41] *Id.* § 2244(d)(2).
[42] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).
[43] As Chief Magistrate Judge Roby states in the Report and Recommendation: "Pierre has asserted no excuse to avoid the expiration of the limitations period. He has not asserted his actual innocence and has brought no new, reliable evidence to meet the high burden set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Furthermore, the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), do not provide a basis for review of Pierre's untimely filed federal petition or his ineffective assistance of trial counsel claims." R. Doc. 40 at 17.
[44] R. Doc. 40.

date on which his underlying criminal judgment becomes "final."[45] The Court first addresses when petitioner filed his federal habeas petition. To determine when Petitioner's federal habeas corpus petition was filed, courts apply the mailbox rule. Petitioner argues his federal habeas corpus petition should be deemed filed on October 14, 2015, the date he wrote next to his signature on his petition.[46] However, under the mailbox rule, the date prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.[47] When the pleadings bear an official stamp date from the prison, the official stamp acts as proof of the date of presentation and preempts the need to consider the inmate's signature date.[48] Courts may only presume an inmate's signature date to be the date of presentation when there is no other proof of when the pleadings were presented for mailing. In this case, the official stamp of the Louisiana State Penitentiary's Legal Programs Department reflects the petition and accompanying documents were received from Petitioner by prison officials on October 16, 2015, for electronic mailing to a federal court.[49] Further, as the magistrate judge stated, "[h]ere [Petitioner] has provided only self-serving argument for the court to consider and accept a different, earlier presentation date. The Court is not persuaded that his signature date should prevail over the official prison date stamp."[50]

The Court now turns to the date Petitioner's underlying criminal judgment became final. "When a habeas petitioner has pursued relief on direct appeal through his state's

---

[45] 28 U.S.C. § 2244(d)(1)(A).
[46] R. Doc. 39 at 5.
[47] *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995)).
[48] *Smith v. Cain*, No. 12-2014, 2014 WL 2898457, at *6 n.16 (E.D. La. Jun. 26, 2014); *see also, England v. Cain*, No. 15-0961, 2015 WL 5971196, at *4 n.33 (E.D. La. Oct. 14, 2015) (Order adopting attached Report and Recommendation).
[49] R. Doc. 1-1 (original deficient pleading).
[50] R. Doc. 40 at 11.

8

highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[51] In this case, the Louisiana Supreme Court denied Petitioner writ application on April 1, 2013.[52] Petitioner's convictions and sentences therefore became final 90 days later, on July 1, 2013.[53]

Accordingly, Petitioner had one year from July 1, 2013, or until July 1, 2014, to timely file a federal application for habeas corpus relief. Petitioner agrees his state conviction became final on July 1, 2013.[54] Because Petitioner filed his federal habeas petition on October 16, 2015, his petition was filed untimely unless the one-year statute of limitations was interrupted or otherwise tolled.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA provides the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" shall not be counted toward the one-year limitation period.[55] A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[56] In this case, the one-year AEDPA filing period began to run on July 2, 2013, the day after Petitioner's convictions and sentences became final. The period continued to run from that date for 359 days, until

---

[51] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).
[52] *State v. Pierre*, 110 So.3d 139 (La. 2013); St. Rec. Vol. 4 of 7, La. S. Ct. Order, 2012-KO-2227, 4/1/13; St. Rec. Vol. 6 of 7, La. S. Ct. Letter, 2012-KO-2227, 10/5/12.
[53] The last day of the filing period was Sunday, June 30, 2013, which left the last day to fall on the next business day, Monday, July 1, 2013. See La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.
[54] R. Doc. 39 at 10.
[55] 28 U.S.C. § 2244(d)(2).
[56] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

9

June 26, 2014, when Petitioner filed his first application for post-conviction relief to the state trial court.[57] Petitioner agrees the tolling period began on June 26, 2014.[58] The one-year limitations period remained tolled from June 26, 2014 through October 9, 2015, when the Louisiana Supreme Court denied Petitioner's writ application. At that time, Petitioner had six days remaining to meet the one-year AEDPA filing deadline. Petitioner agrees six days remained at this point.[59] The time expired on October 15, 2015. Petitioner likewise agrees the one-year period expired on October 15, 2015.[60] Petitioner did not file any state post-conviction or other collateral reviewing before October 15, 2015.

Petitioner objects to the finding in the Report and Recommendation that he did not file his federal petition until October 16, 2015, one day after the limitations period expired.[61] Petitioner argues he filed his federal petition on October 14, 2015, one day before the expiration of the limitations period.[62] October 14, 2015 is the date Petitioner placed next to his signature on his federal application.[63] The official stamp of the Louisiana State Penitentiary's Legal Programs Department reflects the petition and accompanying documents were received from Pierre by prison officials on October 16, 2015, for electronic mailing to a federal court.[64]

---

[57] With respect to this application, unlike his actual federal petition, Petitioner argues the Court should ignore his signature date of June 23, 2014 and consider the pleading filed under the mailbox rule when it was taken from him by prison personnel on June 26, 2014. R. Doc. 39 at 6. Petitioner provides an exhibit in which he indicates that June 26, 2014, was the date the pleading was "placed in the hands of L.S.P. Class. Ofcr." R. Doc. 39-1 at 1. The verification was signed by the "Ex-Officio Notary" prison official and indicates that the pleading was "sworn to and subscribed before" him on June 26, 2014 (despite Pierre's indication that he signed it previously on June 23, 2014). The magistrate judge stated: "The official declaration is deemed credible . . . Nevertheless, even without prompting by Pierre, the record demonstrates that June 26, 2014, was the filing date under the mailbox rule." R. Doc. 40 at 14. The Court agrees with the magistrate judge and uses June 26, 2014 as the date on which Petitioner filed his first state court petition.
[58] R. Doc. 39 at 10.
[59] *Id.*
[60] *Id.*
[61] R. Doc. 45 at 6-7.
[62] R. Doc. 39 at 7-8; R. Doc. 45 at 7.
[63] *Id.*
[64] R. Doc. No. 1-1 at 27 (original deficient pleading).

As previously explained, under the mailbox rule, the date prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.[65] In this case, the official stamp from the Legal Programs Department reflects that the federal pleading was received from Petitioner by prison officials on October 16, 2015, the day after the AEDPA filing period expired. Accordingly, Petitioner's federal petition deemed filed on October 16, 2015 was filed after the AEDPA filing period expired on October 15, 2015.

### C. Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[66] Extraordinary circumstances "would exist, for example, if 'the plaintiff was actively misled by the defendant about the cause of action or was prevented in some extraordinary way from asserting his rights.'"[67] "But, a 'garden variety claim of excusable neglect' by the petition does not support equitable tolling.'"[68]

In his objection to the Report and Recommendation, Petitioner argues "he should be entitled to equitable tolling due to his ongoing, nonwavering diligence and circumstances outside of his control that prevented his timely filing, to wit, he has no control of when he receives 'decisions' from the courts."[69] Petitioner further argues: "Petitioner did not receive his La. Supreme Courts Oct. 9th decision until Oct. 14 and <u>due</u>

---

[65] *Coleman*, 184 F.3d at 401; *Spotville*, 149 F.3d at 378; *Cooper*, 70 F.3d at 379.
[66] *Pace*, 544 U.S. at 418.
[67] *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402 (internal brackets and citation omitted)).
[68] *Id.* (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996))
[69] R. Doc. 45 at 7.

11

to his Diligence and Knowledge of his remaining 6 days to file, he had ready and waiting to be mailed his § 2254 Petition at which time which he received decision on Oct. 14, he immediately and simply placed in his awaiting petition in the mailbox."[70] Petitioner "respectfully requests this Honorable Court consider this: At the very minimum it takes one day for mail to get to its destination at L.S.P."[71]

Even assuming Petitioner has pursued his rights diligently, he has not met his burden of establishing some extraordinary circumstance stood in his way. The Fifth Circuit has "consistently [] denied tolling even where the petition was only a few days late."[72] For instance, in *Lookingbill*, the Fifth Circuit rejected a petitioner's argument equitable tolling was warranted "because he missed the deadline by only four days."[73] In that case, the Fifth Circuit explained: "[i]n past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness."[74] The reasons for this focus are as follows:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.[75]

To establish an extraordinary circumstance, Petitioner would have to show, for example, an "external force, such as governmental interference" prevented Petitioner from timely

---

[70] *Id.* (emphasis in original).
[71] *Id.* (emphasis in original).
[72] *Lookingbill*, 293 F.3d at 265 (citing *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999) (four days late*), cert. denied*, 529 U.S. 1099 (2000); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (two weeks late); *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999) (seventeen days late), *cert. denied*, 531 U.S. 1164 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (twenty-one days late), *cert. denied*, 531 U.S. 1035 (2000)).
[73] *Id.* at 264.
[74] *Id.* (citing *Fisher*, 174 F.3d at 712, 715–16 (refusing to toll statute of limitations for seventeen days despite prisoner's confinement in psychiatric ward without access to glasses or legal materials); *Ott*, 192 F.3d at 513 (refusing equitable tolling where petitioner missed deadline by only a "few days")).
[75] *Lookingbill*, 293 F.3d at 264-65.

filing his federal petition.[76] In this case, Petitioner has made no such showing. Instead, Petitioner has argued it commonly takes at least one day for mail to travel to the Louisiana State Penitentiary's Legal Programs Department, that Petitioner was aware of this fact, and that the Louisiana State Penitentiary Legal Programs Department promptly stamped the petition on October 16, 2015. Like the petitioner's arguments for equitable tolling in *Lookingbill*, Petitioner's arguments for equitable tolling in this case constitute "'garden variety claim[s] of excusable neglect.'"[77] Accordingly, Petitioner is not entitled to equitable tolling of the one-year statute of limitations period.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[78]

## CONCLUSION

**IT IS ORDERED** that Petitioner Delis Pierre's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be and hereby is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 12th day of August, 2019.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[76] *Flores*, 981 F.2d at 236 (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).
[77] *Lookingbill*, 292 F.3d at 265 (quoting *Rashidi*, 96 F.3d at 128).
[78] R. Doc. 40.